FILED
SUPERIOR COURT
OF GUAM

2014 JUN 30 PM 4: 12

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LAWRENCE S. YOSHIDA, ) | CIVIL CASE NO. CV0012-10 |
| ) | |
| Plaintiff, ) | **AMENDED FINDINGS OF FACT** |
| ) | **AND CONCLUSIONS OF LAW** |
| vs, ) | **(ON REMAND)** |
| ) | |
| GUAM TRANSPORT AND WAREHOUSE, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

I.

## INTRODUCTION and BACKGROUND

This matter came before the Honorable Maria T. Cenzon for a Status Hearing on October 30, 2013. Attorney Thomas Tarpley represented Lawrence S. Yoshida ("Plaintiff" or "Yoshida") and Attorney Jacqueline Terlaje represented Guam Transport & Warehouse, Inc. ("Defendant" or "GTW").

The Status Hearing was scheduled after this case was remanded from the Guam Supreme Court after the opinion in *Lawrence S. Yoshida v. Guam Transport and Warehouse, Inc.*, 2013 Guam 5. The original judgment of the Honorable Elizabeth Barrett Anderson was vacated and, upon remand, this Court was, consistent with the opinion in *Yoshida*, to determine damages and enter judgment accordingly. *Judgment, Supreme Court Case No. CVA12-017* (Apr. 17, 2013).

At the Status Hearing, the Parties agreed to file briefs on the issue of when the loans in this matter should be considered due for the purpose of calculating damages. Plaintiff Yoshida

filed his brief first and before the Status Hearing. *Plaintiff Yoshida's Position Statement RE Interest Calculation* (Sept. 30, 2014). Defendant GTW filed their *Defendant Guam Transport and Warehouse, Inc. RE: Interest Calculation* in answer on November 4, 2014 and Plaintiff Yoshida filed *Plaintiff's Reply to GTW's Interest Calculation* on November 15, 2014. The Court issued a CVR 7.1 Form 3 on December 5, 2014 where it determined that oral argument was unnecessary.

Upon reviewing the record in this case, the Parties' briefings, the applicable statutes and case law, and applying the Guam Supreme Court's Opinion *Yoshida*, the Court now issues the following Amended Findings of Fact and Conclusions of Law.

## II.

## FINDINGS OF FACT

The Supreme Court, under the clearly erroneous standard of review, left the trial court's initial findings of fact undisturbed: "Following a bench trial, the trial court's findings of fact, whether based on oral or documentary evidence, shall not be set aside by the reviewing court unless clearly erroneous and 'due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.' *Town House Dep't Stores, Inc. v. Ahn et al*, 2000 Guam 32 ¶ 13 (internal citations omitted)." *Yoshida* ¶ 20. Consequently, the Court adopts the original findings of fact found by the Honorable Elizabeth Barrett Anderson.

1.      Honda first sued Yoshida in a separate law suit, CV1895-09, for the breach of contract on an obligation between the Parties for the purchase of shares in GTW. CV1895-09 is not before this Court.

2.    Yoshida worked for GTW from April 7, 1995 through December 31, 2009[1] as the Assistant Manager. He also served in the capacity of Vice-President beginning on September 7, 1998. Yoshida was also a shareholder in GTW.

3.    Yoshida was a salaried employee and, as part of his company benefits, GTW paid his home mortgage and living expenses over the years. There was no express agreement between the parties that GTW would pay any other of Yoshida's debts, except as related to the 2006 loan, described *infra*.

4.    Honda is a shareholder and Chief Executive Officer of GTW.

5.    Yoshida and Honda were good friends throughout Yoshida's employment.

6.    Yoshida testified that both of the alleged loans were all based on oral agreements.

7.    Honda denies the existence of any contract on the 1996-1999 deposits.

8.    Honda testified that he asked Yoshida to loan GTW forty-five thousand dollars ($45,000) in 2006. Honda admits there is a balance due on the 2006 loan but disagrees on the amount. Honda further denies there was any agreement between the parties to pay interest on the 2006 loan.

9.    The Parties orally agreed that GTW would make payments on Yoshida's Bank of Hawaii line of credit to repay the 2006 loan. Honda testified, and this Court finds that the payments on Yoshida's Bank of Hawaii line of credit throughout the years were part of Yoshida's employee compensation plan. However, because the line of credit was the source of

---

[1] The original finding of fact stated "2000" but this Court finds that to be clerical error. The undisputed evidence presented at trial and as adopted by the Guam Supreme Court is that Yoshida was an employee of GTW until December 31, 2009. *See Yoshida* ¶ 3.

funding for the 2006 loan, the Court will credit the Company these repayments against the 2006 loan.

10.     Twenty-two thousand, seven-hundred eight-one dollars and forty-four cents ($22,781.44) has been repaid on the 2006 loan through direct payments to Yoshida's line of credit with Bank of Hawaii. *Pl. Tr. Ex. 2* and *Def. Tr. Ex. C.*

11.     GTW also made payments on a line of credit in Yoshida's name at First Hawaiian Bank in the total sum of twenty-one thousand, one-hundred twenty-eight dollars and thirty-one cents ($21,128.31) on July 31, 2008. *Def. Tr. Ex. G.* There was insufficient testimony for the Court to determine what loan this payment should be credited to.

12.     On June 23, 2000, GTW paid to Yoshida the sum of forty-thousand dollars ($40,000). *Def. Tr. Ex. E.* The check was signed by Honda. On June 28, 2000, GTW paid to Yoshida the sum of sixty-six thousand dollars ($66,000). *Def. Tr. Ex. F.* This check was signed by Honda.

13.     Both above-mentioned checks in paragraph 11 were cashed by Yoshida, then reissued in four (4) twenty-thousand dollars ($20,000) cashier checks in the name of Yoshida. These four cashier checks were deposited into GTW's account within a few days after issuance. There is a twenty-six thousand dollars ($26,000) cashier check made payable to GTW's legal counsel, that was not deposited into GTW's account after issuance. The sum of these cashier checks is equal to the two checks written out to Yoshida by GTW in paragraph 11 totaling one-hundred and six thousand dollars ($106,000).

14.     Yoshida testified that all of the cashier check transactions were either to pay FICA or otherwise to avoid lien creditors and pursuant to Honda's instructions. Honda did not

recall such instructions. The Court finds that this is evidence of the fluidity of money transactions between friends and the lack of mutual understanding in agreements relating to money.

15. The Court finds that after crediting GTW for the Bank of Hawaii repayments in paragraphs 9-10 above, the principal amount unpaid on the 2006 loan is twenty-two thousand, two-hundred eighteen dollars and fifty-six cents ($22,218.56).

16. The Court finds that there was no express or implied agreement between the Parties regarding interest.

17. GTW's primary defense to both claims in the Complaint is the unclean hands of Yoshida. *Answer to Amended Compl. for Monies Owed*, Affirmative Defense ¶ 3 (Feb. 9, 2010).

### III.

### CONCLUSIONS OF LAW

The foregoing Conclusions of Law are adapted pursuant to the Supreme Court of Guam's opinion on appeal and reflect its *de novo* review. *See Yoshida* ¶ 20. They supersede the Conclusions of Law issued on February 8, 2012.

1. The 1996 and 1999 deposits totaling twenty-five thousand dollars ($25,000) are loans of money from Yoshida to GTW. Under 18 GCA § 47101, they are considered enforceable contracts. *Id.* ¶¶ 22 and 27.

2. The 2006 loans of money are undisputedly enforceable as contracts under 18 GCA § 47101. *Id.* ¶ 28.

3.    Although the Parties did not agree on repayment terms, this omission does not bar Yoshida's recovery. *Id.* ¶ 30.

4.    Under Guam law, if the Parties' contract is silent, repayment shall occur within a reasonable time and not on demand. *Id.* ¶ 31.

5.    GTW's affirmative defense of statute of frauds was waived as they were not included in its pleadings. *Id.* ¶ 50.

6.    Even if not waived, the statute of frauds affirmative defense would fail on its merits for all the loans. *Id.* ¶ 60 ("In sum, neither 18 GCA § 86106(1) nor (2) require that the 1996-1999 or 2006 loans be in writing to be enforceable.").

7.    Interest on the loans at issue is presumed. *Id.* ¶ 75.

8.    Interest will be set at the statutory rate of 6%, absent any agreement by the Parties as to another, legally permissible interest rate. *Id.* ¶ 78.

9.    GTW's payment to Yoshida's First Hawaiian line of credit of twenty-one thousand, one-hundred twenty-eight dollars in Findings of Fact ¶ 11 *supra*, is not relevant to the loans at issue here as there was a factual determination of the loan amounts outstanding at the bench trial which will not be disturbed. *Id.* ¶ 82.

10.    GTW urges the Court to apply the payment to Yoshida's First Hawaiian line of credit towards the three outstanding loans. *Defendant GTW RE: Interest Calculation* at 2 (Nov. 4, 2013)("[N]otwithstanding that the trial court did not reach the final determination of which of the loans the payment to First Hawaiian Bank should be applied, because there was an outstanding principal due to Plaintiff on the date of payment, GTW should be appropriately credited for the payment."). This conclusory statement contains no basis in fact or law under

GRCP 60(b) to justify a reconsideration of the Court's finding of fact after the bench trial, nor was it properly presented as a motion to reconsider.

11.    A reasonable date for repayment off the loans would be December 31, 2009.[2] As the loans were made from an employee to his employer, the Court finds it reasonable that cessation of the employer-employee relationship warrants a belief that any outstanding loans between the parties would then be payable.[3]

## IV.

## DAMAGES AND AWARDS

Based upon the above Findings of Fact and Conclusions of Law, this Court now has before it the three facts necessary to calculate damages as a sum certain in accord with the Guam Supreme Court's Opinion in *Yoshida* ¶ 83: 1) the amount GTW has repaid to Yoshida, 2) the dates the loans were made, and 3) the due dates of the loans.

In summary, there are three outstanding loans: $15,000 lent on September 11, 1996 for which no payments have been made; $10,000 lent on January 1, 1999 for which no payments have been made; and a $45,000 loan made in 2006, with $30,000 disbursed on February 27, 2006 and $15,000 disbursed on November 30, 2006, towards which GTW has made payments

---

[2] Although it is clear that this date was not mutually agreed upon by both Parties, Yoshida's testimony that he would be repaid upon his departure is also the only evidence before the Court on this issue. *See Defendant GTW RE: Interest Calculation, Ex. B* (Nov. 4, 2013).

[3] In *Plaintiff's Reply to GTW's Interest Calculation* (Nov. 15, 2013), Yoshida proposes that the date the Complaint in this action was filed, January 14, 2010 could also be treated by the Court as a reasonable due date for the loans. While the Court agrees that this is the latest date the loans *could* be considered due, it would be unfavorable policy for the Court to hold an aggrieved party should file a complaint as a means of making a formal demand for payment when there is a preference for parties to resolve their differences with minimal judicial intervention.

of $22,781.44. The due date on these loans was December 31, 2009, the date of Yoshida's resignation from GTW.

Pursuant to the above findings, the Court adopts Plaintiff Yoshida's calculations and orders that damages, **as of September 30, 2013**, be awarded in the amounts of $34,025.00 for the 1996 loan, $20,454.00 for the 1999 loan, and $37,425.63 for the 2006 loan, respectively. *See Declaration of Lawrence S. Yoshida, Exhibits A-B* (Sept. 30, 2013).

## V.

## CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that Defendant Guam Transport & Warehouse, Inc. is liable to Plaintiff Lawrence S. Yoshida in the amount of $91,904.63 as of September 30, 2013. Interest shall accrue on this amount at the statutory rate of 6% per annum. A Judgment reflecting these damages to issue from this Court.

A Status Hearing in this matter is scheduled for June 27, 2014 at 9:30 AM.

**SO ORDERED** this ____20th____ day of June, 2014.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
T. Tarpley, Jacqueline
Terlaje, DMR
Date: 6/26/14 Time: 4:19
@
Deputy Clerk, Superior Court of Guam